# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

        Plaintiff,

        V.                          No. CR 03-2573 MCA

**STEPHEN VAN KEUREN**,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on a bench trial on March 22, 2004, through March 25, 2004, and Defendant's oral motions to dismiss and for judgment of acquittal pursuant to Fed. R. Crim. P. 29, which were briefed after the conclusion of the trial. [Doc. No. 68, 69.] Having considered the evidence admitted at trial, the arguments of counsel, the relevant law, and being fully advised in the premises, I find the Defendant, Stephen Van Keuren, guilty beyond a reasonable doubt of the crimes charged in Counts 1, 2, 3, 5, 6, 7, 13, 14, 15, 16, 19, 20, 23, and 24 of the *Superseding Indictment*. I further find that the Government has not met its burden of proof as to Counts 4, 8, 9, 10, 11, 12, 17, 18, 21, and 22 of the *Superseding Indictment*, and that the Government conceded during trial that a judgment of acquittal must be entered as to Counts 17 and 18 of the *Superseding Indictment*. Therefore, Defendant is found **GUILTY** of Counts 1, 2, 3, 5, 6, 7, 13, 14, 15, 16, 19, 20, 23, and 24 of the *Superseding Indictment* and **NOT GUILTY** of Counts 4, 8, 9, 10, 11, 12, 17, 18, 21, and 22 of the *Superseding Indictment*. Defendant's oral motion to dismiss is

**DENIED**, and Defendant's oral motion for judgment of acquittal is **GRANTED IN PART** and **DENIED IN PART**, in accordance with the following special findings of fact and conclusions of law which are entered pursuant to Fed. R. Civ. P. 23(c).

## I.    SPECIAL FINDINGS OF FACT PURSUANT TO FED. R. CRIM. P. 23(C)

### Stipulated Facts

1.    The parties have entered into the following stipulations of fact [Doc. No. 49, Trial Ex. 7] which are accepted as true:

    a.    The events that are the subject of the *Superseding Indictment* in this case, involving John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, and John Doe 9 [1] and the Defendant, Stephen Van Keuren, occurred in the Crystal Boarding School Library in "Indian Country" as that term is used in 18 U.S.C. §§ 1151, 1152, and 1153, in the State and District of New Mexico.  This stipulation does not mean that the events occurred; the Defendant only stipulates in this stipulation that jurisdiction has been met.

    b.    The Defendant, Stephen Van Keuren, is a non-Indian by blood, and is not affiliated with or enrolled in any Indian tribe that is recognized by the federal government.  He is therefore not an "Indian" as that term is used in 18 U.S.C. §§ 1152 and 1153.

    c.    John Doe 1, date of birth July 25, 1992, is an enrolled member of the

---

[1]The child victims in this case are referenced in this *Memorandum Opinion and Order* as "John Doe 1" through "John Doe 9."  A document containing more specific information about the victims' identities has been filed under seal, [Doc. No. 39], and I find that the identifications contained therein are true and correct.

Navajo Nation and is of ½ degrees of Navajo Indian blood.  He is an "Indian" as that term is used in 18 U.S.C. § 1153.

d.      John Doe 2, date of birth November 21, 1992, is an enrolled member of the Navajo Nation and is of 4/4 (full) degrees of Navajo Indian blood.  He is an "Indian" as that term is used in 18 U.S.C. § 1153.

e.      John Doe 3, date of birth January 5, 1991, is an enrolled member of the Navajo Nation and is of 4/4 (full) degrees of Navajo Indian blood.  He is an "Indian" as that term is used in 18 U.S.C. § 1153.

f.      John Doe 4, date of birth April 19, 1991, is an enrolled member of the Navajo Nation and is of ½ degrees of Navajo Indian blood.  He is an "Indian" as that term is used in 18 U.S.C. § 1153.

g.      John Doe 5, date of birth February 9, 1994, is an enrolled member of the Navajo Nation and is of 3/4 degrees of Navajo Indian blood.  He is an "Indian" as that term is used in 18 U.S.C. § 1153.

h.      John Doe 6, date of birth October 14, 1993, is an enrolled member of the Navajo Nation and is of 5/8 degrees of Navajo Indian blood.  He is an "Indian" as that term is used in 18 U.S.C. § 1153.

i.      John Doe 7, date of birth October 20, 1992, is an enrolled member of the Navajo Nation and is of 5/8 degrees of Navajo Indian blood.  He is an "Indian" as that term is used in 18 U.S.C. § 1153.

j.      John Doe 8, date of birth February 23, 1992, is an enrolled member of

the Navajo Nation and is of ½ degrees of Navajo Indian blood. He is an "Indian" as that term is used in 18 U.S.C. § 1153.

k.    John Doe 9, date of birth August 23, 1990, is an enrolled member of the Navajo Nation and is of 4/4 (full) degrees of Navajo Indian blood. He is an "Indian" as that term is used in 18 U.S.C. § 1153.

## Background Facts Common To All Counts

2.    Defendant was indicted on December 22, 2003 [Doc. No. 13], and this case was initially set for trial before a jury on a trailing docket commencing on February 10, 2004. [Doc. No. 17.]

3.    On February 2, 2004, Defendant filed a waiver of his right to a jury trial. Following a hearing at which it was determined that Defendant knowingly and voluntarily waived this right, I accepted Defendant's waiver. [Doc. No. 24, 26, 27.]

4.    Thereafter, I reset the matter for a bench trial with a definite setting of February 25, 2004, and directed the parties to file trial briefs. [Doc. No. 29, 33.]

5.    I also held a series of pretrial status conferences at which several issues pertaining to the legal sufficiency of the *Indictment* were raised *sua sponte* and discussed with counsel, including the essential elements of the offenses charged in the *Indictment*, the statutory definition of "sexual contact," and the Indian/non-Indian status of the Defendant and the alleged victims. [Doc. No. 29, 34, 42, 47, 48; Tr. 2-20-04, 2-23-04, 2-25-04.]

6.    During these pretrial conferences, Defendant stipulated to the jurisdictional elements of the offenses (*i.e.*, the Indian/non-Indian status of the Defendant and the alleged

victims, and the location of the alleged offenses in Indian country). Defendant stood silent and raised no objections regarding the sufficiency of the *Indictment* at those times, except as to changes in the dates alleged therein.

7. The Government filed a *Superseding Indictment* on February 24, 2004, on the eve of the scheduled trial date. [Doc. No. 45.]

8. Upon the filing of the *Superseding Indictment*, Defendant asserted that he needed more time to prepare for trial while simultaneously asserting his right to a speedy trial. [Doc. No. 48; Tr. 2-25-04.]

9. I continued the trial until March 22, 2004, a date that provided Defendant with additional time to prepare for trial while remaining within the deadlines imposed by the Speedy Trial Act. [Doc. No. 46.]

10. The trial commenced as scheduled on March 22, 2004. [Doc. No. 70.]

11. At trial, I heard credible testimony that Defendant was employed as the librarian, and worked in the library, of the Crystal Boarding School, at the time of the events alleged in the *Superseding Indictment*, and that John Does 1 through 9 were grade-school students enrolled at the Crystal Boarding School and attending the school's library on a regular basis during that time period.

12. Other school personnel employed at the Crystal Boarding School during the relevant time period credibly testified based on their training and experience that:

   a. There is no legitimate reason for a school employee (such as a teacher or librarian) to make contact with the genitalia, groin, or inner thigh of a grade-school age

child, either directly or through the clothing, during the course of his or her duties at the Crystal Boarding School;

      b.     inadvertent contact between the hand, arm, elbow, or knee of a school employee and the genitalia, groin, or inner thigh of a grade-school age student, either directly or through the clothing, is very unlikely to occur in the course of their duties;

      c.     through specific training and as a matter of simple common sense, school employees knew that it was inappropriate to touch a grade-school age student on the genitalia, groin, inner thigh, or buttocks, either directly or through the clothing;

      d.     through specific training and as a matter of common sense, school employees knew that it was inappropriate to have a student sit on a teacher's lap.

13.    Based on the testimony of other school personnel as to the layout of the library area at the Crystal Boarding School and the level of traffic by students and school personnel through the library, it is reasonable to infer that Defendant had the opportunity, on the occasions alleged in the *Superseding Indictment*, to surreptitiously make contact (using his hand, arm, elbow, or knee) through the clothing with the genitalia, groin, or inner thigh of grade-school age boys in the library area while others were not present or not looking.

14.    At trial, Agent McCaskill of the Federal Bureau of Investigation (FBI) provided the following credible  testimony regarding statements made by Defendant during an interview at the FBI office in Gallup, New Mexico, on May 23, 2003:

      a.     Defendant appeared at the interview, signed a waiver of rights form [Trial Ex. 4], and gave his statements voluntarily.

b.     Defendant was not in custody at the time of the interview and was allowed to leave the interview at any time.

c.     At the conclusion of the interview, Defendant provided a written statement, which was admitted at trial as Exhibit 5, stating that "a very small percent of contacts though accidental were not controlled and led to touching of the genital area with sexual connotations."

d.     During the interview with Agent McCaskill, Defendant voluntarily and credibly made statements to the effect that:

i.     it was possible that Defendant might have inadvertently or accidentally come in contact with John Doe 1 by touching his "private parts" in a way that he misunderstood or that he didn't realize to be an accident;

ii.     Defendant admitted putting his hand, palm down, on John Doe 2's knee or thigh or sometimes shoulder to try and calm him;

iii.     it was not uncommon for Defendant to accidentally touch boys in their genital area as result of the boys crowding around him;

iv.     it might be possible that Defendant came into contact with young boys' genital areas in ways that had "sexual connotations";

v.     the words "sexual connotation" were Defendant's words he used in the context of discussing John Doe 1, John Doe 2, John Doe 3, and John Doe 6;

vi.     the number of times Defendant might have had accidentally touched boys in the genital area while using the computer were "too many too recall";

vii.     Defendant must have come into contact with genital areas of John Doe 9 and another boy not named in the *Superseding Indictment* because their attitudes and demeanors changed;

viii.     Defendant said there were times when he came into contact with boys' genital areas in general, and that he was "intrigued" or "fascinated" by such contacts;

ix.     the words "intrigued" and "fascinated" were Defendant's words, and his intrigue or fascination was clearly of a sexual nature;

x.     Defendant said that he did not find the same intrigue or fascination with girls;

xi.     all of Defendant's contacts were not controlled; Defendant admitted that he could have controlled himself (by moving away, etc.) but did not.

xii.     Defendant admitted putting his elbows in students' genitalia at computers and touching their front genitalia.

15.     Based on Defendant's voluntary oral and written statements at the interview, the corroborating evidence provided by the child witnesses, and the testimony of other school personnel regarding the unlikelihood of inadvertent contacts with the areas of the body in question, it is reasonable to infer that Defendant made contact with the genitalia, groin, and/or inner thigh of the victims knowingly and with the intent to arouse or gratify his sexual desire and/or abuse, humiliate, harass, or degrade the victims on the occasions alleged in Counts 1, 2, 3, 5, 6, 7, 13, 14, 15,16,19, 20, 23, and 24 of the *Superseding Indictment*.

16.     In light of the above facts and the reasonable inferences therefrom, I make the

following specific findings as to each count of the *Superseding Indictment*.

## Count 1

17.     As to Count 1 of the *Superseding Indictment*, I find beyond a reasonable doubt that:

      a.     The Defendant, a non-Indian, knowingly engaged in sexual contact with John Doe 1, an Indian;

      b.     this sexual contact consisted of the intentional touching through the clothing of the genitalia, groin, and/or inner thigh of John Doe 1 with the intent to arouse and gratify the sexual desire of the Defendant and/or abuse, humiliate, harass, or degrade John Doe 1;

      c.     this sexual contact occurred in the library area of the Crystal Boarding School, in Indian Country, on or about April 21, 2003;

      d.     John Doe 1 had not attained the age of twelve years at the time of this sexual contact;

      e.     The testimony of John Doe 1 as to this sexual contact is credible;

      f.     John Doe 1 was scared and frightened as a result of Defendant's acts;

      g.     Defendant is guilty of the crime charged in Count 1 of the *Superseding Indictment*.

## Count 2

18.     As to Count 2 of the *Superseding Indictment*, I find beyond a reasonable doubt that:

a. The Defendant, a non-Indian, knowingly engaged in sexual contact with John Doe 1, an Indian;

b. this sexual contact consisted of the intentional touching through the clothing of the genitalia, groin, and/or inner thigh of John Doe 1 with the intent to arouse and gratify the sexual desire of the Defendant and/or abuse, humiliate, harass, or degrade John Doe 1;

c. this sexual contact occurred in the library area of the Crystal Boarding School, in Indian country, on or about April 22, 2003, at a time different than Count 1;

d. John Doe 1 had not attained the age of twelve years at the time of this sexual contact;

e. The testimony of John Doe 1 as to this sexual contact is credible;

f. John Doe 1 was scared and frightened as a result of Defendant's acts;

g. Defendant is guilty of the crime charged in Count 2 of the *Superseding Indictment*.

## Count 3

19. As to Count 3 of the *Superseding Indictment*, I find beyond a reasonable doubt that:

a. The Defendant, a non-Indian, knowingly engaged in sexual contact with John Doe 1, an Indian;

b. this sexual contact consisted of the intentional touching through the clothing of the genitalia, groin, and/or inner thigh of John Doe 1 with the intent to arouse and

gratify the sexual desire of the Defendant and/or abuse, humiliate, harass, or degrade John Doe 1;

   c.  this sexual contact occurred in the library area of the Crystal Boarding School, in Indian country, on or about April 24, 2003, at a time different than Count 1 and Count 2;

   d.  John Doe 1 had not attained the age of twelve (12) years at the time of this sexual contact;

   e.  The testimony of John Doe 1 as to this sexual contact is credible;

   f.  John Doe 1 was scared and frightened as a result of Defendant's acts;

   g.  Defendant is guilty of the crime charged in Count 3 of the *Superseding Indictment*.

## Count 4

20. As to Count 4 of the *Superseding Indictment*, I find that:

   a.  the Government did not meet its burden of proving each essential element of the charged offense beyond a reasonable doubt;

   b.  in addition, there is a variance between John Doe 2's testimony (in which he stated that he could not recall whether he was touched by the Defendant in 3rd grade or 4th grade) and the dates alleged in the *Superseding Indictment* (on or between August 12, 2002, and November 1, 2002);

   c.  Defendant is not guilty of the crime charged in Count 4 of the *Superseding Indictment*.

**Count 5**

21.     As to Count 5 of the *Superseding Indictment*, I find beyond a reasonable doubt that:

        a.     The Defendant, a non-Indian, knowingly engaged in sexual contact with John Doe 3, an Indian;

        b.     this sexual contact consisted of the intentional touching through the clothing of the genitalia, groin, and/or inner thigh of John Doe 3 with the intent to arouse and gratify the sexual desire of the Defendant and/or abuse, humiliate, harass, or degrade John Doe 3;

        c.     this sexual contact occurred in the library area of the Crystal Boarding School, in Indian country, on or between August 13, 2001, and May 22, 2002;

        d.     John Doe 3 had not attained the age of twelve years at the time of this sexual contact;

        e.     The testimony of John Doe 3 as to this sexual contact is credible;

        f.     John Doe 3 was scared and frightened as a result of Defendant's acts;

        g.     Defendant is guilty of the crime charged in Count 5 of the *Superseding Indictment*.

**Count 6**

22.     As to Count 6 of the *Superseding Indictment*, I find beyond a reasonable doubt that:

        a.     The Defendant, a non-Indian, knowingly engaged in sexual contact with

John Doe 3, an Indian;

        b.     this sexual contact consisted of the intentional touching through the clothing of the genitalia, groin, and/or inner thigh of John Doe 3 with the intent to arouse and gratify the sexual desire of the Defendant and/or abuse, humiliate, harass, or degrade John Doe 3;

        c.     this sexual contact occurred in the library area of the Crystal Boarding School, in Indian country, on or between August 13, 2001, and May 22, 2002, at a time different than Count 5;

        d.     John Doe 3 had not attained the age of twelve (12) years at the time of this sexual contact;

        e.     The testimony of John Doe 3 as to this sexual contact is credible;

        f.     John Doe 3 was scared and frightened as a result of Defendant's acts;

        g.     Defendant is guilty of the crime charged in Count 6 of the *Superseding Indictment*.

## Count 7

23.     As to Count 7 of the *Superseding Indictment*, I find beyond a reasonable doubt that:

        a.     The Defendant, a non-Indian, knowingly engaged in sexual contact with John Doe 3, an Indian;

        b.     this sexual contact consisted of the intentional touching through the clothing of the genitalia, groin, and/or inner thigh of John Doe 3 with the intent to arouse and

gratify the sexual desire of the Defendant and/or abuse, humiliate, harass, or degrade John Doe 3;

c.     this sexual contact occurred in the library area of the Crystal Boarding School, in Indian country, on or between August 13, 2001, and January 5, 2003, at a time different than Count 5 and Count 6;

d.     John Doe 3 had not attained the age of twelve years at the time of this sexual contact;

e.     The testimony of John Doe 3 as to this sexual contact is credible;

f.     John Doe 3 was scared and frightened as a result of Defendant's acts;

g.     Defendant is guilty of the crime charged in Count 7 of the *Superseding Indictment*.

### Count 8

24.     As to Count 8 of the *Superseding Indictment*, I find that:

a.     The Government has not met its burden of proving each essential element of the charged offense beyond a reasonable doubt;

b.     in addition, there is a variance between John Doe 3's testimony (in which he stated that he was touched a fourth time after his twelfth birthday or after January 5, 2003) and the dates alleged in the *Superseding Indictment* (on or between August 13, 2001, and January 5, 2003);

c.     Defendant is not guilty of the crime charged in Count 8 of the *Superseding Indictment*.

## **Count 9**

25.     As to Count 9 of the *Superseding Indictment*, I find that:

       a.     the Government has not met its burden of proving each essential element of the charged offense;

       b.     with respect to this particular child (John Doe 4), the Government's incessant and persistent use of leading questions rendered the child's testimony unreliable;

       c.     Defendant is not guilty of the crime charged in Count 9 of the *Superseding Indictment*.

## **Count 10**

26.     As to Count 10 of the *Superseding Indictment*, I find that:

       a.     the Government has not met its burden of proving each essential element of the charged offense;

       b.     with respect to this particular child (John Doe 4), the Government's incessant and persistent use of leading questions rendered the child's testimony unreliable;

       c.     Defendant is not guilty of the crime charged in Count 10 of the *Superseding Indictment*.

## **Count 11**

27.     As to Count 11 of the *Superseding Indictment*, I find that:

       a.     the Government has not met its burden of proving each essential element of the charged offense;

       b.     with respect to this particular child (John Doe 4), the Government's

incessant and persistent use of leading questions rendered the child's testimony unreliable;

     c.     Defendant is not guilty of the crime charged in Count 11 of the *Superseding Indictment*.

## Count 12

28.     As to Count 12 of the *Superseding Indictment*, I find that:

     a.     the Government has not met its burden of proving each essential element of the charged offense;

     b.     with respect to this particular child (John Doe 4), the Government's incessant and persistent use of leading questions rendered the child's testimony unreliable;

     c.     Defendant is not guilty of the crime charged in Count 12 of the *Superseding Indictment*.

## Count 13

29.     As to Count 13 of the *Superseding Indictment*, I find beyond a reasonable doubt that:

     a.     The Defendant, a non-Indian, knowingly engaged in sexual contact with John Doe 5, an Indian;

     b.     this sexual contact consisted of the intentional touching through the clothing of the genitalia, groin, and/or inner thigh of John Doe 5 with the intent to arouse and gratify the sexual desire of the Defendant and/or abuse, humiliate, harass, or degrade John Doe 5;

     c.     this sexual contact occurred in the library area of the Crystal Boarding

School, in Indian country, on or between August 12, 2002, and April 1, 2003;

   d.  John Doe 5 had not attained the age of twelve years at the time of this sexual contact;

   e.  The testimony of John Doe 5 as to this sexual contact is credible;

   f.  John Doe 5 felt scared, afraid, and uncomfortable as a result of Defendant's acts;

   g.  Defendant is guilty of the crime charged in Count 13 of the *Superseding Indictment*.

## Count 14

30.  As to Count 14 of the *Superseding Indictment*, I find beyond a reasonable doubt that:

   a.  The Defendant, a non-Indian, knowingly engaged in sexual contact with John Doe 5, an Indian;

   b.  this sexual contact consisted of the intentional touching through the clothing of the genitalia, groin, and/or inner thigh of John Doe 5 with the intent to arouse and gratify the sexual desire of the Defendant and/or abuse, humiliate, harass, or degrade John Doe 5;

   c.  this sexual contact occurred in the library area of the Crystal Boarding School, in Indian country, on or between August 12, 2000, and April 1, 2003, at a time different than Count 13;

   d.  John Doe 5 had not attained the age of twelve years at the time of this

sexual contact;

e.     The testimony of John Doe 5 as to this sexual contact is credible;

f.     John Doe 5 felt scared, afraid, and uncomfortable as a result of Defendant's acts;

g.     Defendant is guilty of the crime charged in Count 14 of the *Superseding Indictment*.

## Count 15

31.     As to Count 15 of the *Superseding Indictment*, I find beyond a reasonable doubt that:

a.     The Defendant, a non-Indian, knowingly engaged in sexual contact with John Doe 6, an Indian;

b.     this sexual contact consisted of the intentional touching through the clothing of the genitalia, groin, and inner thigh of John Doe 6 with the intent to arouse and gratify the sexual desire of the Defendant and/or abuse, humiliate, harass, or degrade John Doe 6;

c.     this sexual contact occurred in the library area of the Crystal Boarding School, in Indian country, on or between August 21, 2000, and May 18, 2001;

d.     John Doe 6 had not attained the age of twelve years at the time of this sexual contact;

e.     The testimony of John Doe 6 as to this sexual contact is credible;

f.     John Doe 6 felt embarassed as a result of Defendant's acts;

g.      Defendant is guilty of the crime charged in Count 15 of the *Superseding Indictment*.

## Count 16

32.      As to Count 16 of the *Superseding Indictment*, I find beyond a reasonable doubt that:

a.      The Defendant, a non-Indian, knowingly engaged in sexual contact with John Doe 6, an Indian;

b.      this sexual contact consisted of the intentional touching through the clothing of the genitalia, groin, and/or inner thigh of John Doe 6 with the intent to arouse and gratify the sexual desire of the Defendant and/or abuse, humiliate, harass, or degrade John Doe 6;

c.      this sexual contact occurred in the library area of the Crystal Boarding School, in Indian country, on or between August 12, 2002, and April 1, 2003, at a time different than Count 15;

d.      John Doe 6 had not attained the age of twelve years at the time of this sexual contact;

e.      The testimony of John Doe 6 as to this sexual contact is credible;

f.      Defendant is guilty of the crime charged in Count 16 of the *Superseding Indictment*.

## Count 17

33.      As to  Count 17 of the *Superseding Indictment*, I find that:

a.    John Doe 6 credibly testified that Defendant touched him inappropriately only two times, as reflected in the above findings regarding Counts 15 and 16;

b.    the Government conceded at trial that the Defendant is entitled to a judgment of acquittal as to Count 17 based on the insufficiency of the evidence regarding a third or fourth sexual contact with John Doe 6;

c.    for these reasons, the Government did not meet its burden of proof as to Count 17, and Defendant is entitled to a judgment of acquittal as to Count 17.

## Count 18

34.    As to  Count 18 of the *Superseding Indictment*, I find that:

a.    John Doe 6 credibly testified that Defendant touched him inappropriately only two times, as reflected in the above findings regarding Counts 15 and 16;

b.    the Government conceded at trial that the Defendant is entitled to a judgment of acquittal as to Count 18 based on the insufficiency of the evidence regarding a third or fourth sexual contact with John Doe 6;

c.    for these reasons, the Government did not meet its burden of proof as to Count 18, and Defendant is entitled to a judgment of acquittal as to Count 18.

## Count 19

35.    As to Count 19 of the *Superseding Indictment*, I find beyond a reasonable doubt that:

a.      The Defendant, a non-Indian, knowingly engaged in sexual contact with John Doe 7, an Indian;

b.      this sexual contact consisted of the intentional touching through the clothing of the genitalia, groin, and/or inner thigh of John Doe 7 with the intent to arouse and gratify the sexual desire of the Defendant and/or abuse, humiliate, harass, or degrade John Doe 7;

c.      this sexual contact occurred in the library area of the Crystal Boarding School, in Indian country, on or between August 21, 2000, and May 22, 2002, while John Doe 7 was in the third grade;

d.      John Doe 7 had not attained the age of twelve years at the time of this sexual contact;

e.      The testimony of John Doe 7 as to this sexual contact is credible;

f.      John Doe 7 felt uncomfortable as a result of Defendant's acts;

g.      Defendant is guilty of the crime charged in Count 19 of the *Superseding Indictment*.

## Count 20

36.     As to  Count 20 of the *Superseding Indictment*, I find that:

a.      The Defendant, a non-Indian, knowingly engaged in sexual contact with John Doe 8, an Indian;

b.      this sexual contact consisted of the intentional touching through the clothing of the genitalia, groin, and/or inner thigh of John Doe 8 with the intent to arouse and

gratify the sexual desire of the Defendant and/or abuse, humiliate, harass, or degrade John Doe 8;

        c.      this sexual contact occurred in the library area of the Crystal Boarding School, in Indian country, on or between August 21, 2002, and April 1, 2003;

        d.      John Doe 8 had not attained the age of twelve years at the time of this sexual contact;

        e.      The testimony of John Doe 8 as to this sexual contact is credible;

        f.      John Doe 8 felt scared as a result of Defendant's acts;

        g.      Defendant is guilty of the crime charged in Count 20 of the *Superseding Indictment*.

### Count 21

37.      As to Count 21 of the *Superseding Indictment*, I find that:

        a.      the Government has not met its burden of proving each essential element of the charged offense on a date different than that alleged in Count 20;

        b.      Defendant is not guilty of the crime charged in Count 21 of the *Superseding Indictment*.

### Count 22

38.      As to Count 22 of the *Superseding Indictment*, I find that:

        a.      the Government has not met its burden of proving each essential element of the charged offense on a date different than that alleged in Count 20;

        b.      Defendant is not guilty of the crime charged in Count 22 of the

*Superseding Indictment*.

## Count 23

39.     As to Count 23 of the *Superseding Indictment*, I find beyond a reasonable doubt that:

a.     The Defendant, a non-Indian, knowingly engaged in sexual contact with John Doe 9, an Indian;

b.     This sexual contact consisted of the intentional touching through the clothing of the genitalia, groin, and/or inner thigh of John Doe 9 with the intent to arouse and gratify the sexual desire of the Defendant and/or abuse, humiliate, harass, or degrade John Doe 9;

c.     This sexual contact occurred in the library area of the Crystal Boarding School, in Indian country, on or between August 12, 2002, and April 1, 2003;

d.     John Doe 9 had attained the age of twelve (12) years, but had not attained the age of sixteen (16) years, at the time of this sexual contact;

e.     John Doe 9 was at least four years younger than the Defendant at the time of this sexual contact;

f.     The testimony of John Doe 9 as to this sexual contact is credible;

g.     John Doe 9 experienced feeling "bad" as a result of the actions of Defendant;

h.     Defendant is guilty of the crime charged in Count 23 of the *Superseding Indictment*.

## Count 24

40.     As to Count 24 of the *Superseding Indictment*, I find beyond a reasonable doubt that:

      a.     The Defendant, a non-Indian, knowingly engaged in sexual contact with John Doe 9, an Indian;

      b.     This sexual contact consisted of the intentional touching through the clothing of the genitalia, groin, and/or inner thigh of John Doe 9 with the intent to arouse and gratify the sexual desire of the Defendant and/or abuse, humiliate, harass, or degrade John Doe 9;

      c.     This sexual contact occurred in the library area of the Crystal Boarding School, in Indian country, on or between August 12, 2002, and April 1, 2003, at a time different than Count 23;

      d.     John Doe 9 had attained the age of twelve (12) years, but had not attained the age of sixteen (16) years, at the time of this sexual contact;

      e.     John Doe 9 was at least four years younger than the Defendant at the time of this sexual contact;

      f.     The testimony of John Doe 9 as to this sexual contact is credible;

      g.     John Doe 9 experienced feeling "bad" as a result of the actions of Defendant;

      h.     Defendant is guilty of the crime charged in Count 24 of the *Superseding Indictment*.

## II.  LEGAL ANALYSIS AND CONCLUSIONS OF LAW

### A.  Standard of Review

#### 1.  Burden of Proof At Trial

Although this case was tried to the Court rather than to a jury, the following legal standards still apply.  First, the Defendant is presumed by the law to be innocent.  The law does not require a Defendant in a criminal case to prove the Defendant's innocence or to testify or to produce any evidence at all.  The Government has the burden of proving the Defendant's guilt beyond a reasonable doubt, and if it fails to do so as to any count I must acquit the Defendant as to that count.

While the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.  A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that one would not hesitate to rely and act upon it in the most important of affairs.

In determining the facts, I consider only the evidence I have admitted in the case.  I also draw such reasonable inferences from the evidence as are justified in the light of common experience.

I weigh the witnesses' testimony by considering each witness' relationship to the Government or the Defendant; interest, if any, in the outcome of the case; manner of

testifying; opportunity to observe or acquire knowledge concerning the facts about which the witness testified; candor, fairness and intelligence; and the extent to which the testimony of the witness has been supported or contradicted by other credible evidence. I have also considered and determined the voluntariness of Defendant's statements to Agent McCaskill and the competence of each of the child witnesses who testified at trial in this case, as reflected in the record.

I permitted limited use of leading questions with respect to child witnesses based on my evaluation of each child's particular circumstances at trial. Where such leading questions were used, I also weigh the witness' testimony by considering the extent, if any, to which that testimony was influenced by leading or suggestive questions.

Recognizing that a separate crime or offense is charged in each count of the *Superseding Indictment*, I separately consider each count and the evidence pertaining to it. The fact that I find the Defendant guilty or not guilty as to one of the offenses charged does not control my verdict as to any other charge.

I further recognize that the Defendant is not on trial for any act or conduct or offense not alleged in the *Superseding Indictment*, nor am I called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a Defendant in this case. Also, the punishment provided by law for the offenses charged in the *Superseding Indictment* is not to be considered in any way in arriving at an impartial verdict as to the guilt or innocence of the Defendant.

## 2. Defendant's Motions to Dismiss and for Judgment of Acquittal

At the conclusion of the Government's case-in-chief, Defendant orally moved to dismiss the *Superseding Indictment* and for judgment of acquittal on all remaining counts alleged therein. At my request, the parties briefed these motions after the trial concluded. [Doc. No. 68, 69.]

With regard to Defendant's motion to dismiss, the general rule is that objections based on vagueness or lack of specificity in an indictment must be raised before trial or they are waived. See Fed. R. Crim. P. 12(b) (as amended in 2002); United States v. Crowley, 236 F.3d 104, 108-110 (2d Cir. 2000) (construing rule prior to 2002 amendment). An exception to this rule is recognized where an indictment is so vague that it is not legally sufficient to state an offense. See Crowley, 236 F.3d at 108 n.6 ("[A] claim that an indictment does not charge an offense may be raised at any time, and may be considered by a court *sua sponte*.").

At the pretrial conferences in this case, Defendant stood silent and raised no objection to the sufficiency of the *Indictment* or the *Superseding Indictment*, except as to whether he had received adequate notice as to the specificity of, or changes to, certain dates alleged in the *Superseding Indictment*. Thus, with the exception of the issue of dates and the question of whether the *Superseding Indictment* states an offense (which are analyzed in further detail below), Defendant's objections to the *Superseding Indictment* are untimely under Fed. R. Crim. P. 12(b) and do not justify relief under Fed. R. Crim. P. 12(e). See Crowley, 236 F.3d at 108-110.

In ruling on Defendant's motion for judgment of acquittal under Fed. R. Crim. P. 29, the Court must view the evidence in the light most favorable to the Government, and without weighing conflicting evidence or considering the credibility of witnesses, determine whether any rational trier of fact could have found that each element of the crime was established beyond a reasonable doubt. United States v. Vallo, 238 F.3d 1242, 1246-47 (10th Cir. 2001); accord United States v. Bahe, 40 F. Supp. 2d 1302, 1304 (D.N.M. 1998). This rule differs significantly from the standard that I apply as the factfinder in a bench trial, under which the Government bears the burden of proving Defendant's guilt beyond a reasonable doubt at all times, and I may resolve conflicts in the evidence by evaluating each witness's credibility. Cf. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (distinguishing the question whether the court "believes that the evidence at the trial established guilt beyond a reasonable doubt" from the question whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"); United States v. Wiseman, 172 F.3d 1196, 1212 (10th Cir. 1999) (same).

Insofar as I have already determined, in my role as the factfinder at trial, that the Government has not met its burden of proof as to Counts 4, 8, 9, 10, 11, 12, 21, and 22 of the *Superseding Indictment*, it is unnecessary to further determine, under a different legal standard, whether Defendant is entitled to a judgment of acquittal under Fed. R. Crim. P. 29 as to these counts. Therefore, Defendant's motion for judgment of acquittal is denied as moot with respect to Counts 4, 8, 9, 10, 11, 12, 21, and 22. I limits my consideration of Defendant's motion to the remaining counts and conclude that the motion must be granted

in part with respect to Counts 17 and 18 (per the Government's concession at trial) and denied in part with respect to Counts 1, 2, 3, 5, 6, 7, 13, 14, 15, 16, 19, 20, 23, and 24, for the reasons stated below.

### B.    Essential Elements of the Offense

In addition to the motions noted above, the Defendant has requested special findings pursuant to Fed. R. Crim. P. 23(c). The purpose of such findings is to afford a basis for intelligent appellate review of whether this Court correctly recognized and applied the essential elements of the offenses charged in the *Superseding Indictment*. See generally United States v. Rinke, 778 F.2d 581, 586 (10th Cir. 1985); United States v. Milton, 421 F.2d 586, 587 (10th Cir. 1970). In addressing this topic, I first list the essential elements of the offenses at issue here and then provide a more detailed analysis of each element.

The essential elements of the crime of abusive sexual contact of a minor under the age of twelve, as charged in Counts 1 through 22 of the *Superseding Indictment*, are that: (1) the Defendant knowingly and intentionally touched the victim's genitalia, anus, groin, breast, inner thigh, or buttocks, either directly or through the clothing; (2) the Defendant intended to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; (3) (4) the victim is an Indian; (5) Defendant is a non-Indian; (6) the sexual contact occurred in Indian Country; and (7) the victim has not attained the age of twelve years at the time of the sexual contact. See 18 U.S.C. §§ 1152, 2244(a)(1), 2244(c), 2246(3); United States v. Prentiss, 256 F.3d 971, 974 (10th Cir. 2001) (en banc) (per curiam); United States v. John, 309 F.3d 298, 301 (5th Cir. 2002); United States v. Lee, 232 F.3d 653, 655 (8th Cir. 2000);

United States v. Torres, 937 F.2d 1469, 1476-77 (9th Cir. 1991).

The first six of these essential elements also apply to the crime of abusive sexual contact of a minor between the age of twelve and sixteen, as charged in Counts 23 and 24 of the *Superseding Indictment*. The only difference in the essential elements for Counts 23 and 24 is that: (1) the victim has attained the age of twelve years but has not attained the age of sixteen years at the time of the sexual contact; and (2) the victim is at least four years younger than the Defendant. See 18 U.S.C. § 2244(a)(3) (citing 18 U.S.C. § 2243(a)).

## 1. Jurisdictional Elements

All of the offenses charged in the *Superseding Indictment* in this case rely on 18 U.S.C. § 1152, which establishes federal jurisdiction over certain crimes committed in Indian country. In a recent *en banc* opinion arising out of the District of New Mexico, the Tenth Circuit held that this statute "establishes federal jurisdiction over interracial crimes only (i.e., when the defendant is an Indian and the victim is a non-Indian, or vice versa)." Prentiss, 256 F.3d at 974. The Tenth Circuit also held that "the Indian/non-Indian statuses of the victim and the defendant are essential elements of the crime" under this statute, and that "the government must allege them in the indictment." Id. at 980.

While it is error to convict a defendant for an offense under 18 U.S.C. § 1152 where the indictment fails to allege the Indian/non-Indian statuses of both the defendant and the victim(s), such a conviction can still be reviewed on appeal to determine whether the error is harmless. See id. at 981. When the Prentiss case was remanded to the original panel to conduct such a review, however, the panel determined that the error was not harmless in that

case.  See United States v. Prentiss, 273 F.3d 1277, 1278 (10th Cir. 2001).  In order to constitute harmless error, it must appear beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained, *i.e.,* that the omitted elements of the crime were uncontested and supported by overwhelming evidence.  Id.

The evidence in Prentiss did not meet this test because it only established that the defendant was not a member of a particular Pueblo and did not address whether or not he was a member of any other Pueblo or Tribe.  See id. at 1283.  More importantly, the testimony regarding the Indian status of the victims did not address one element of the Tenth Circuit's "two-part test" for determining whether someone is an Indian. See id. at 1282-83.  Under that test, the court must make factual findings that the defendant (1) has some Indian blood, and (2) is recognized as an Indian by a tribe or by the federal government.  Id. at 1280.  In Prentiss, there was testimony and a stipulation regarding the victims' membership in a Pueblo, but there was no evidence (or other facts of which the court could take judicial notice) to establish that the victims had "some Indian blood."  Id. at 1282-83.

The requirements stated in Prentiss are satisfied with respect to each and every count of the *Superseding Indictment* in this case.  In particular, the *Superseding Indictment* alleges the non-Indian status of the Defendant and the Indian status of each alleged victim.  Moreover, the jurisdictional facts required under 18 U.S.C. § 1152 and Prentiss were stipulated by the parties before the *Superseding Indictment* was filed and again at trial.  [Doc. No. 49, Trial Ex. 7.]  The uncontested facts contained in the parties' stipulation, and adopted in the Court's findings, conclusively establish the non-Indian status of the Defendant and the

Indian status of each alleged victim, including both Indian blood and recognition as an Indian by the Navajo Nation. It follows that the Court has jurisdiction over this matter, and these essential elements of the offenses charged in the *Superseding Indictment* are satisfied with respect to each count.

### 2.    The Distinction Between "Sexual Contact" and "Sexual Act"

In his motions to dismiss and for judgment of acquittal, Defendant contends that the *Superseding Indictment* is vague and ambivalent because it does not adequately distinguish between the statutory terms "sexual contact" and "sexual act," and because it refers to an "attempt" to commit a "sexual act." Defendant further contends that he is entitled to a judgment of acquittal because the evidence at trial did not show the type of direct, unclothed sexual contact necessary to meet the statutory definition of a "sexual act," or any "attempt" to engage in such direct, unclothed sexual contact.

I previously discussed the statutory terms "sexual contact" and "sexual act" with counsel during the pretrial conferences in this case. Under the statutory definitions set forth in 18 U.S.C. § 2246, the term "sexual contact" is distinguished from the term "sexual act." See John, 309 F.3d at 301. As noted above, the term "sexual contact" encompasses the type of touching through the clothing that is at issue here.[2] See 18 U.S.C. § 2246(3). In contrast, the term "sexual act" is defined in 18 U.S.C. § 2246(2) to include various direct, unclothed

_____

[2]With respect to the areas of the body and the types of specific intent listed in this definition, a criminal conviction may be sustained on proof beyond a reasonable doubt that the Defendant knowingly contacted one of these areas with one of these types of specific intent, even when the Government has alleged all areas and types conjunctively in the indictment. See United States v. Powell, 226 F.3d 1181, 1192 n.4 (10th Cir. 2000).

contacts between the orifices or genitalia of the victim and the perpetrator.

The distinction is an important one because both the element of intent required for a conviction and the maximum sentence that may be imposed vary depending on whether the conduct in question is a "sexual act" or a "sexual contact." See John, 309 F.3d at 301-02; Torres, 937 F.2d at 1476-77. In particular, crimes involving "sexual contact" require a specific intent that is not required for crimes involving certain types of "sexual acts" involving children, such as penile penetration and oral contact with the genitalia or anus, which by their very nature do not occur inadvertently or for a legitimate, non-sexual reason. See Torres, 937 F.2d at 1476-77. In contrast to these types of "sexual acts," the definition of "sexual contact" requires that the touching be done: (1) knowingly (*i.e.*, voluntarily and intentionally, and not because of mistake or accident or other innocent reason); and (2) with the specific intent to "abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3). The effect of this specific-intent requirement is to exclude contacts which are completely inadvertent or done for some legitimate, non-sexual purpose.

The statutory scheme set forth in Chapter 109A of Title 18 of the United States Code also provides for different sentences depending on the age of the victim and whether the offense in question was a "sexual act" or a "sexual contact." See John, 309 F.3d at 301-02. The sentencing guidelines make similar distinctions. See id. at 305-06.

In this case, the maximum sentence for Counts 1 through 22 of the *Superseding Indictment* is determined by a combination of 18 U.S.C. §§ 2241(c), 2244(a)(1), and 2244(c),

as well as the statutory definitions of "sexual contact" and "sexual act" noted above.  See John, 309 F.3d at 301-02.  18 U.S.C. § 2241(c) provides, in relevant part, that whoever "knowingly engages in a sexual act with another person who has not attained the age of 12 years . . . or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both."  18 U.S.C. § 2244(a)(1) provides, in relevant part, that whoever "knowingly engages in or causes sexual contact with or by another person, if do so would violate . . . section 2241 of this title had the sexual contact been a sexual act, shall be fined under this title, imprisoned not more than ten years, or both."  18 U.S.C. § 2244(c) provides that:  "If the sexual contact that violates this section is with an individual who has not attained the age of 12 years, the maximum term of imprisonment that may be imposed for the offense shall be twice that otherwise provided in this section."

The maximum sentence for Counts 23 and 24 is determined by a combination of 18 U.S.C. §§ 2243(a) and 2244(a)(3), as well as the statutory definitions of "sexual contact" and "sexual act" noted above.  18 U.S.C. § 2243(a) provides, in relevant part, that whoever "knowingly engages in a sexual act with another person who . . . has attained the age of 12 years but has not attained the age of 16 years; and . . . is at least four years younger than the person so engaging; or attempts to do so, shall be fined under this title, imprisoned no more than 15 years, or both."  18 U.S.C. § 2244(a)(3) provides, in relevant part, that whoever "knowingly engages in or causes sexual contact with or by another person, if do so would violate . . . subsection (a) of section 2243 of this title had the sexual contact been a sexual act, shall be fined under this title, imprisoned not more than two years, or both."

In this case, the Government has consistently represented that they are only charging the Defendant with sexual contact through the clothing, and not with any direct, unclothed contact or attempt to engage in such direct, unclothed contact. While the *Indictment* did contain a citation error with respect to the applicable statutory definition, this error was corrected in the *Superseding Indictment* and in connection with my discussions with counsel during the pretrial conferences, at which Defendant stood silent and raised no objection. Moreover, both the *Indictment* and the *Superseding Indictment* contain the same language employed in the statutory definition of "sexual contact" contained in 18 U.S.C. § 2246(3): "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."

Under these circumstances, I conclude that Defendant was given adequate notice that he is charged with offenses falling under the statutory definition of "sexual contact" rather than offenses falling under the statutory definition of a "sexual act." Further, the *Superseding Indictment* is legally sufficient to support the charges of abusive sexual contact under the statutory scheme described above.

Given the use of the term "sexual contact" as well as the exact language from the statutory definition of that term in each count of the *Superseding Indictment*, the additional reference to a "sexual act" or an "attempt" is mere surplusage that does not change the meaning of the crime charged and need not be proven at trial. See United States v. Miller, 471 U.S. 130, 136 (1998); United States v. Smith, 838 F.2d 436, 439 (10th Cir. 1988);

United States v. De Pugh, 452 F.2d 915, 921 (10th Cir. 1972).  Further, the *Superseding Indictment* correctly cites the statutory provisions at issue, and any citation error therein does not provide grounds for dismissing the *Superseding Indictment* because, taken as a whole, the language used is not misleading as to which crime is charged.  See United States v. Blanton, 531 F.2d 442, 444 (10th Cir. 1976); De Pugh, 452 F.2d at 921.  Therefore, Defendant's oral motion to dismiss is denied in part insofar as it relies on the proposition that the *Superseding Indictment* fails to adequately distinguish between the statutory definitions of "sexual contact" and "sexual act."

Defendant's oral motion for judgment of acquittal also is denied in part insofar as it relies on that proposition.  The Government's failure to prove an actual or attempted "sexual act" (within the statutory definition of that term) does not provide grounds for a judgment of acquittal as to any count.  See John, 309 F.3d at 301 (concluding that the Government is not required to prove a "sexual act" in order to obtain a conviction for a crime involving "sexual contact").

Nor may a judgment of acquittal be premised on the Government's failure to prove the specific intent required for a "sexual contact" in this case.  In this regard, I note Defendant's admissions to Agent McCaskill to the effect that there were sexual connotations to the way he touched boys in the area of the genitalia, groin, or inner thigh.  While courts generally cannot rely solely on a defendant's admission to sustain a conviction, see Opper v. United States, 348 U.S. 84, 93 (1954), in this case the Defendant's admission was corroborated by other evidence, including the children's testimony about the details of the

touching and the testimony of other school personnel regarding the unlikelihood of inadvertently touching a grade-school age child in these areas. This evidence is sufficient to support a conviction as to Counts 1, 2, 3, 5, 6, 7, 13, 14, 15, 16, 19, 20, 23, and 24. <u>See</u> <u>Wiseman</u>, 172 F.3d at 121-13; <u>United States v. Lee</u>, No. CR 03-0997-PCT-DGC, 2003 WL 23471838 (D. Ariz. Dec. 22, 2003); <u>cf. United States v. Bahe</u>, 40 F. Supp. 2d 1302, 1305-08 (D.N.M. 1998) (collecting and grouping cases according to whether the child testified as to the alleged abuse at trial, whether the Defendant admitted guilt, and other factors). Therefore, Defendant's motion for judgment of acquittal also is denied in part insofar as it challenges the essential elements of the offenses charged in these Counts of the *Superseding Indictment*.

## C. <u>Dates Alleged in the Superseding Indictment</u>

The general rule is that Government need not prove, as an essential element, that the crime in question was committed on an exact date, so long as it proves that the crime was committed on a date that is (1) reasonably near the date(s) alleged in the indictment, (2) within the statute of limitations, (3) before the filing of the indictment, (4) different than other counts alleging the same offense, and (5) while the alleged victim was still in the age group required for the offense. <u>See</u> <u>United States v. Poole</u>, 929 F.2d 1476, 1483 (10th Cir. 1991) (collecting cases approving the "on or about" jury instruction); <u>United States v. Francisco</u>, 575 F.2d 815, 818 (10th Cir. 1978) (similar). This rule is particularly appropriate in cases involving child witnesses, who may have difficulty pinpointing events by specific dates and may find it easier to recall when something happened by reference to personal

experiences such as their birthday or what grade they were in.  See United States v. Azure,

No. C4-03-16, 2003 WL 21196265, at *2 (D.N.D. May 16, 2003) (collecting child sex-abuse

cases that recognize this proposition).

A variance between the dates alleged in an indictment and the dates proven at trial

provides grounds for overturning a criminal conviction only if the Defendant is substantially

prejudiced.  See generally United States v. Ailsworth, 138 F.3d 843, 849 (10th Cir.1998);

United States v. Allen, 554 F.2d 398, 409-10 (10th Cir. 1976).  A defendant is substantially

prejudiced in his defense if he cannot anticipate from the indictment what evidence will be

presented against him, or if the defendant is exposed to the risk of double jeopardy.

Ailsworth, 138 F.3d at 849.

In this case, Defendant contends that he was unable to prepare his defense because

the Government changed some of the dates alleged in the *Superseding Indictment* to a

broader time period, and at trial, a few of the children testified as to sexual contacts that

occurred outside of the time period alleged in the *Superseding Indictment*.  In particular, the

following four dates alleged in the *Indictment* were changed in the *Superseding Indictment*:

| Count | Date Alleged in the Superseding Indictment | Date Alleged in the Indictment |
|-------|--------------------------------------------|--------------------------------|
| 7     | January 5, 2003                            | May 22, 2002                   |
| 8     | January 5, 2003                            | May 22, 2002                   |
| 14    | August 12, 2000                            | August 12, 2002                |
| 19    | August 21, 2000                            | August 13, 2001                |

[Doc. No. 13, 45.]  In addition, there was a variance between the *Superseding Indictment* and

the trial testimony as to the dates of the sexual contacts alleged in Counts 4 and 8.

I find it unnecessary to address Defendant's motion to dismiss those Counts of the *Superseding Indictment* (including Counts 4 and 8) on which I have already determined, in my capacity as the factfinder at trial, or per the Government's concession at trial, that the Government failed to meet its burden of proof as to each essential element. Accordingly, Defendant's motion to dismiss is denied as moot with respect to Counts 4, 8, 9, 10, 11, 12, 17, 18, 21, and 22 of the *Superseding Indictment*.

With respect to the other counts of the *Superseding Indictment*, I conclude that the Government satisfied the requirements of due process by alleging a range of dates corresponding to the children's age and particular school years or semesters during which they attended library activities conducted by the Defendant at the Crystal Boarding School. See Lee, 232 F.3d at 656; Allen, 554 F.2d at 409-10. I further conclude that Defendant was not substantially prejudiced by the changes in the dates alleged in the *Superseding Indictment*. In this regard, I note that the *Superseding Indictment* reduced the number of counts from 32 to 24 and did not contain any new counts. Further, the evidence at trial fell within the time period alleged in the *Superseding Indictment* with respect to the counts on which I find that the Government met its burden of proof as to each essential element. Therefore, Defendant's motion to dismiss on due-process grounds is denied with respect to Counts 1, 2, 3, 5, 6, 7, 13, 14, 15, 16, 19, 20, 23, and 24 of the *Superseding Indictment*.

### III. CONCLUSION

For the foregoing reasons, I find that Defendant is guilty of the crimes charged in Counts 1, 2, 3, 5, 6, 7, 13, 14, 15, 16, 19, 20, 23, and 24 of the *Superseding Indictment* and not guilty of the crimes charges in Counts 4, 8, 9, 10, 11, 12, 17, 18, 21, and 22 of the *Superseding Indictment*. Defendant's oral motion to dismiss is denied, and Defendant's motion for judgment of acquittal is granted in part as to Counts 17 and 18 and denied in part as to the other counts.

**IT IS, THEREFORE, ORDERED** that the Defendant, Stephen Van Keuren, is found **GUILTY** of the crimes charged in Counts 1, 2, 3, 5, 6, 7, 13, 14, 15, 16, 19, 20, 23, and 24.

**IT IS FURTHER ORDERED** that the Defendant, Stephen Van Keuren, is found **NOT GUILTY** of the crimes charged in Counts 4, 8, 9, 10, 11, 12, 17, 18, 21, and 22 of the *Superseding Indictment*.

**IT IS FURTHER ORDERED** that Defendant's oral motion for judgment of acquittal is **GRANTED IN PART** with respect to Counts 17 and 18, and **DENIED IN PART** with respect to Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 19, 20, 21, 22, 23, and 24.

**IT IS FURTHER ORDERED** that Defendant's oral motion to dismiss is **DENIED**.

**SO ORDERED** this 7th day of May, 2004, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge